JESSE CROUSE et al., Appellants, v. ELIZABETH CROUSE, Appellee.

No. 40292.

MARCH 11, 1930.

REHEARING DENIED JUNE 23, 1930.

*John A. Hull* and *O. M. Brockett*, for appellants.

*Baker & Doran*, for appellee.

·EVANS, J.—This is a controversy between the beneficiaries of the estate of John A. Crouse, deceased, who died intestate on March 4, 1927. The plaintiffs comprise all his children, and they claim herein as heirs at law. The defendant is his surviving widow. The plaintiffs are the fruit of a prior marriage. At the time of his death, the decedent was the owner of a farm of 500 acres, adjoining the city of Boone. This farm comprised his homestead, occupied by him as his actual residence up to the time of his death. The widow continued in the occupancy thereof after his death. On March 12, 1927, the plaintiffs instituted a partition suit against this defendant, wherein they asserted their complete and exclusive ownership of said farm, and denied all right or interest of the defendant therein. This assertion of exclusive right was predicated upon an allegation that the death of John A. Crouse was the result of a felonious killing by the defendant. On March 25, 1927, the district court entered the following order in said case:

"Now, to wit, March 25, 1927, application for appointment of receiver came on for hearing. *By agreement of all parties made in open court,* the application is granted, and T. L. Ashford is appointed receiver. Bond fixed at $5,000. The homestead is not included."

Pursuant to the foregoing order, T. L. Ashford was appointed receiver. He entered into possession of the real estate, exclusive of the homestead, and has operated the same as such receiver ever since. By subsequent proceedings, the partition suit was converted by the appellants into an action at law, denominated an "action of right," and such is the form of the present pending action. Though the partition suit was dismissed, and the

present action commenced as a new action, the receivership was ultimately attached to the new action by a process described in appellants' abstract as follows:

"The action at law represented by the foregoing pleadings succeeded an equitable one in partition between the same parties and involving the same premises and controversy, in which equitable action one of the present appellants had filed application for the appointment of a receiver of the property in controversy, upon which the court, at the time indicated, entered the following: [quoted above]. The receiver so appointed promptly qualified, and has ever since acted under the authority of such order, such receivership having been subsequently transferred to the present law action, and said equitable action dismissed without prejudice."

Shortly after the decease of John A. Crouse, and in the same month, an indictment was rendered against the defendant, charging her with manslaughter. In April, this prosecution was brought to trial, and resulted in an acquittal of the defendant, by a verdict under the direction of the court. A trial was had in the law action in November, 1928, which resulted in a disagreement of the jury. In February, 1929, the plaintiffs filed an application in the district court for an enlargement of the receivership order, and that the receiver be directed to take possession of the alleged homestead. On April 25, 1929, the plaintiffs filed an amended petition. The grounds upon which the application for an enlarged receivership is based, are the same as the allegations of the petition, to the effect that the defendant slew her husband, and that, therefore, she has no interest in the estate and no homestead right therein. This application was denied by the district court, and from such order of denial the plaintiffs have appealed.

It appears that Ashford, who was appointed receiver, was appointed also administrator of the estate, and that, both as receiver and administrator, he has acted under the guidance of appellants' attorneys, who have also acted as attorneys for him. See *In re Estate of Crouse*, 208 Iowa 333.

The line of argument for appellants in support of their application for the ousting of the defendant from the homestead is indicated in the foregoing recital of the record. Manifestly, if

the defendant feloniously slew her husband, she can take no interest in his estate, either of distributive share or of homestead. Upon this premise, the appellants argue, in effect, that, while the charge of felony against the defendant stands, she has no standing, as a matter of right, to claim the occupancy of the homestead pending the distribution of the estate. The form of the argument is that Section 12032, Code, 1927, bars every beneficiary who is guilty of the felonious killing; that this section is one of the statutes of descent; that it is not penal; that it does not work a forfeiture; that it operates *ab initio* to prevent descent upon the guilty one; that the allegation of the petition charging the guilt of the defendant must be deemed true, for the purpose of this application. For the purpose of the discussion, we may accept the contention, without conceding it, that the statute operates to prevent descent, rather than to work a forfeiture, although the appellants in their petition and application expressly allege a *forfeiture*.

Whether Section 12032 is to be considered as working a forfeiture or as preventing descent, the guilt of the defendant is not to be presumed in advance of proof thereof. The burden of proof of guilt rests upon the appellants at all stages. Until proof of such guilt upon the merits, the presumption of innocence remains with the defendant.

The appellants contend that, under the allegations of their application, Section 12713 became mandatory upon the district court to grant the application. This section is as follows:

"12713. *Appointment.* On the petition of either party to a civil action or proceeding, wherein he shows that he has a probable right to, or interest in, any property which is the subject of the controversy, and that such property, or its rents or profits, are in danger of being lost or materially injured or impaired, and on such notice to the adverse party as the court or judge shall prescribe, the court, or, in vacation, the judge thereof, if satisfied that the interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed, *may appoint a receiver* to take charge of and control such property under its direction during the pendency of the action, and may order and coerce the delivery of it to him."

Only a casual reading of the foregoing section is requisite

to discover that its function is to confer upon the district court a discretionary power, rather than to impose upon it a mandatory duty. Pursuant thereto, the controversy is reduced to the simple question whether the district court abused its discretion in refusing the application of the appellants. Under the statutes of descent and distribution, the widow of the decedent is entitled to continue her occupancy of the homestead until her distributive share is set apart to her. Needless to say that such a right of occupancy should not be lightly denied. The only method by which such right can be preserved at all to the widow is to preserve it without interruption. To take it away provisionally is to destroy it. Even if restoration were subsequently made, the period of dispossession could not be restored. But the application of appellants does not even contemplate restoration, under any circumstances. Whatever the ultimate rights of the defendant prove to be, she is, nevertheless, the widow of the decedent, and as such, is *presumptively* entitled to the possession of the homestead. That presumption in her favor must necessarily continue until the contrary is ultimately proved. A rule to the contrary would require every heir and every devisee and every surviving spouse to prove affirmatively that he had not slain his benefactor, before he could establish a presumptive record title to property received by him as a benefaction from the estate of any decedent. We deem it clear that the district court was under the affirmative duty to protect the defendant in her presumptive right of occupancy pending the determination of her guilt of the charge asserted against her in appellants' petition.

Clearly, therefore, no case of abuse of discretion is presented.

When it is further considered that the original order of the court in March, 1927, was entered without objection, and was mutually acquiesced in for more than two years, the changed attitude of the appellants was not persuasive upon the discretionary power of the court.

It is contended by appellants that one of the purposes of a receivership is to conserve and protect the fruits of the litigation to the prevailing party. It is urged that the defendant is insolvent, and that, therefore, no redress will be available to recover from her the annual proceeds of this homestead in the

event that plaintiffs prevail in the litigation. The fact of her insolvency is urged as a ground for sustaining the application.

There is a class of cases wherein the insolvency of the debtor-defendant becomes a ground for provisional process and for a receivership of property. But this case is not of such class. The primary purpose of homestead and exemption statutes is to furnish a shield to the insolvent. They have little, if any, practical application to the solvent person. The solvent debtor, having the power to pay, must pay, in any event. If there be any discrimination in the practical operation of exemption statutes, it is in favor of the insolvent. If there were no insolvency, there would be no need of such statutes. The fact, therefore, that the defendant herein is insolvent, only emphasizes her need of the statutory protection. It furnishes no legal reason for withdrawing or withholding such protection. From whatever point we view the case, therefore, we reach the conclusion that the district court properly denied the application.—*Affirmed.*

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.