# APPENDIX

## Notes of Cases Not Otherwise Reported.

IRA JONES, Appellant, v. FRANK COOPER.

PRACTICE—EVIDENCE. Plea of guilty is not conclusive in subsequent civil suit.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, JANUARY 28, 1896.

ACTION for criminal conversation. Judgment for defendant, and the plaintiff appealed.—*Affirmed.*·

*Riley Clark* and *W. H. Ware* for appellant.

*E. E. Aylesworth* for appellee.

GRANGER, J.—I. The cause was submitted to a jury that returned a verdict for defendant, and it is first urged that the verdict is contrary to the evidence. In this respect much reliance is placed on the fact that the defendant was indicted for adultery with the wife of plaintiff, and that he pleaded guilty to the charge. The wife of the plaintiff also testified, on the trial, that she had sexual intercourse with the defendant, and the plaintiff testified that he saw the two lying down in the brush. The defendant, notwithstanding his plea of guilty of the criminal charge, denied on this trial the fact of the intercourse, or that he made any advances for that purpose. The plea in mitigation of damages was to the effect that the plaintiff and his wife conspired to bring about the act of intercourse with a view to extort money therefor, and the testimony, as a whole, is such that the jury seems to have believed it insufficient to justify a finding for plaintiff. Independent of the plea of guilty in the criminal proceeding, it would be a plain case against our interference. The court instructed the jury that, while that plea was proper to be considered in passing on the question of fact in this case, it was not conclusive, and the court said: "Whether the defendant did have carnal knowledge of A. B. Jones is a question of fact, to be decided by you from

(735)

all the evidence bearing thereon; and, unless it is shown, plaintiff cannot recover.'' The instruction is the law of the case, and it is not for us to give to the plea such force of evidence as will make it conclusive with the aid of other evidence, and that is practically the contention of appellant. It is said in argument that the fact of sexual intercourse was established without any conflict. Such a conclusion could only arise from giving to the plea of guilty, a conclusive effect. The district court did not do that, and no exception was taken to the rule adopted. We think, as did the district court, that the question of fact was one for the jury; and, under the instructions given, the verdict should not be disturbed by us.

II. The only error assigned and argued is the refusal of the court to give an instruction asked as to punitive damages based on the fact of criminal intercourse. The court, in explicit terms, authorized a recovery, if the fact of intercourse was established. The verdict being for the defendant, that fact could not have been found; and hence, had the instruction been given, it could not have been applied, for the jury did not reach the question of damages. The judgment is AFFIRMED.