## THEOBALD HAUSER v. A. P. GRIFFITH, Appellant.

**Evidence:** PLEA OF GUILTY. In a civil action for assault, evidence of a plea of guilty on a criminal prosecution is admissible as an admission, but is not conclusive.

EXPLANATION OF. Where, in a civil action for assault, a plea of guilty in a former prosecution is proven, defendant cannot show the circumstances under which he entered his plea, though Code, section 3650, provides that, when any act or declaration is given in evidence by one party, the whole subject may be inquired into by the other.

**Exemplary Damages:** FINE AS BAR TO. The fact that defendant in a civil action for assault has been fined in a former prosecution is no bar to an allowance of exemplary damages.

**Appeal:** HARMLESS ERROR. A judgment will not be reversed for the admission of immaterial evidence which was not prejudicial.

PRESUMPTIONS. The absence from the record of conditions under which prejudice might arise from a particular ruling, justifies the conclusion that there was no prejudice.

*Appeal from Bremer District Court.*—HON. J. C. SHER-
WIN, Judge.

SATURDAY, MAY 15, 1897.

ACTION for damages for an assault and battery.
Judgment for plaintiff, and defendant appeals.—
*Affirmed.*

*G. W. Ruddick* for appellant.

*Gibson & Dawson* for appellee.

GRANGER, J.—I. The allegations are that the
injuries were caused by kicking, and by beating and
bruising with the fist. The court permitted the plain-
tiff to show, against objection, that his wife was liv-
ing at the time of the injury, and was not living at
the time of the trial. Complaint is made of the rul-
ing. As the record appears in this court, the facts
are immaterial. Appellee, in argument, says it was
done to account for her absence as a witness, because
she would have been a material witness as to plaintiff's
condition after the injury. The difficulty in that
respect is that the record does not show the fact of
her knowledge on that subject. The abstract does
not purport to contain all the evidence, but it does
purport to contain all the evidence pertaining to each
and every question presented by the assignment of
errors, and necessary to a proper consideration of
them, and each of them. The abstract is not ques-
tioned, and hence it is taken as true. There-
fore we must hold the evidence to be imma-
terial. When we take into consideration the
record as presented, and assume, as we may, the ordi-
nary intelligence of the jury, it may be said to appear
that no prejudice resulted. If there were facts with

which to associate the particular evidence, to give it significance or bearing on either a right of recovery or the amount thereof, they are not in the record, and we cannot assume them. The absence of conditions from which prejudice might arise justifies a conclusion that there was no prejudice.

II. The defendant had been accused on information of the crime of an assault and battery, and had pleaded guilty thereto. That plea was put in evidence on this trial, of which complaint is made. It is thought, because of some language in *Crawford v. Bergen*, 91 Iowa, 675 (60 N. W. Rep. 205), that the authorities are not in harmony as to the admissibility of such a plea in evidence, in a civil suit like this. The holding in that case is that the effect of such a plea, when put in evidence, is not conclusive as to the fact of guilt, but that the party may show, in the civil suit for damages, that he was not in fact guilty. This holding is immediately followed by the language on which reliance is placed, as follows: "The admission of guilt should be held to apply to that trial only, because the parties are not the same, and the rules of practice and course of proceeding are different." The meaning is this: By the plea in the criminal suit there was an admission of guilt that was conclusive in that case. That conclusiveness pertained to that suit only, but the plea, as the act or declaration of the party, may be put in evidence in the civil suit, but not with the legal inference as to conclusiveness. If the court had said in this suit that the allegations of an assault and battery were established because of the admission of guilt in the other suit, it would have been permitting the admission of guilt to apply in another suit, but it did not, by simply permitting the statement or plea to be considered without that effect.

III. The jury was permitted to find exemplary damages. It appeared in the trial of this case, that in the criminal suit a fine was imposed and paid. It is urged, that that fact should defeat an allowance of exemplary damages in this case, because otherwise there is a double punishment. That the claim has strong support in reason hardly admits of doubt, but a contrary rule seems to have obtained in this state since the case of *Hendrickson v. Kingsbury,* reported in 21 Iowa, 379. Each party has seized upon particular language in that case for support of his claim; but, when all the language is considered, it makes the distinction between the punishment for the wrong done the public, for which the punishment is inflicted in the criminal action, and that done to the individual, for which punishment may be imposed by the jury in the civil action. *Reddin v. Gates,* 52 Iowa, 210 (2 N. W. Rep. 1079), is like this case in its facts, and conclusive of it. See, also, *Root v. Sturdivant,* 70 Iowa, 55 (29 N. W. Rep. 802). That other states have announced a different rule is true, but a review of the cases would be of no use.

IV. Defendant offered to prove the circumstances under which he entered his plea of guilty in the criminal action, which offer was denied. The right was claimed on the theory, that what was then said, was a part of the transaction or conversation, and permissible under the provisions of Code, section 3650, which provides that, "when part of an act, declaration, conversation, or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other." That precise question was ruled against appellant's theory in *Root v. Sturdivant, supra.* The judgment is AFFIRMED.