IN RE ESTATE OF HERBERT T. JOHNSTON.
RAYMOND JOHNSTON, Administrator, Appellant, v. PEARL D. JOHNSTON, Applicant, Appellee.

No. 42973.

JUNE 21, 1935.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING

SEPTEMBER 25, 1935.

Frank F. Wilson, for appellant.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, and Rolla Shewmaker, for appellee.

PARSONS, J.—This case comes to us on an abstract of nine pages, and an amendment to the abstract of two pages, from which we gather the following:

Herbert T. Johnston died on June 7, 1934, in Ringgold county, Iowa, and on the 19th of June Raymond Johnston was appointed administrator of this estate, letters of administration were issued to him, and he qualified as such. On December 31, 1934, Pearl Johnston, the widow, made application for widow's allowance, setting forth that the estate was of a value in excess of $35,000, and there were no debts, and asking for an allowance.

The administrator filed a resistance as follows:

"RESISTANCE.

"Comes now Raymond Johnston, duly qualified and acting administrator in the above styled Estate, and shows to the Court that there has been filed in this Estate on December 31, 1934, the application of Pearl Johnston for widow's allowance. That Pearl Johnston is the surviving spouse of Herbert T. Johnston, deceased. That Herbert T. Johnston died in Mt. Ayr, Ringgold County, Iowa, on June 7, 1934, and that his death was caused by gunshot wounds inflicted on the said Herbert T. Johnston by the applicant herein, Pearl Johnston, his surviving spouse.

"That Pearl Johnston was tried for the murder of Herbert T. Johnston in the District Court in and for Ringgold County, Iowa, and was, on November 2, 1934, convicted of manslaughter, and, that said Pearl Johnston was on December 17, 1934, duly sentenced and judgment order entered under said conviction of manslaughter.

"That said judgment order and said conviction still stands of record in the office of the Clerk of this Court.

"That one of the heirs in this Estate is Rupert T. Johnston, a minor, and that a guardian for the said Rupert T. Johnston has been duly appointed and is now qualified and acting.

"That section 12032 of the Iowa Code of 1931 provides as follows:

"'No person who feloniously takes or causes or procures

another so to take the life of another shall inherit from such person, or receive any interest in the estate of the decedent as surviving spouse, or take by devise or legacy from him, any portion of his estate.'

"That it would appear from the application of the statute above quoted that the applicant, Pearl Johnston, has no legal interest in the Estate herein.

"That it is extremely doubtful as to the exact value of the property in this Estate and that the value of such property will reach the amount of $35,000.00 as alleged in the application herein filed.

"Wherefore, your applicant would respectfully pray that the Court enter such order with reference to said application which is legal and right and which will fully protect the rights of this applicant, as administrator of the Estate of Herbert T. Johnston, deceased."

On January 8, 1935, the widow filed the following motion to strike:

"Comes now Pearl Johnston and moves the Court to strike from the application for order made by the administrator the following:

"All of page one commencing with line twelve and ending with such page for the reason that such allegations and each and all of them are incompetent, irrelevant and immaterial to any issue in this case and are not sufficient to prevent an allowance to her.

"Also on page two commencing with line five and ending with line 15 for the reason that such allegations and each and all of them incompetent, irrelevant and immaterial to any issue in this case and present no obstacle to applicant obtaining an allowance.

"And on the 8th day of January, 1935, the motion to strike was submitted to the Court, and the Court made the following ruling thereon:"

The appellee denied the correctness of appellant's abstract, and set forth that on January 11, 1935, a trial was had on the applicant's application for widow's allowance. That witnesses testified and evidence was offered and received; that applicant offered testimony to prove the truth of her application and the

size of the estate of her deceased husband. The administrator was present with his attorney and took part in the trial; and the attorney for the administrator cross-examined the applicant who was a witness in her own behalf. That the matter was submitted to the lower court on this record, and the court entered the following order:

"That after hearing the evidence and being fully advised in the premises the Court finds that the application should be sustained;

"It is therefore ordered that the applicant shall be allowed a sum of $1000.00 for her support for one year from the death of the decedent and the Court orders in connection with this matter that she should pay out of her said allowance a sum to the Greater Community Hospital of Creston, Iowa, not to exceed $213.35, and Dr. Stoll in a sum not to exceed $100.00, and that said Administrator is ordered to pay said allowance to her at once, and that the costs of this hearing shall be taxed to the estate of Herbert Johnston, deceased, to all of which each and both parties hereto except."

The administrator then filed notice of appeal and brought the matter to this court.

In Crouse v. Crouse, 210 Iowa 508, 229 N. W. 850, this statute, section 12032 set out in the objections of the administrator, was under consideration by this court, and likewise under the same title in 214 Iowa 725, 240 N. W. 213, 215. A rehearing in the latter case was had on which it appears that the applicant, the widow, had been indicted for the offense of involuntary manslaughter of her husband, tried and acquitted. The court examined the evidence in the case, and as to whether involuntary manslaughter came under the statute, and said:

"We find it unnecessary to determine that question, because, from a careful reading of the record, we are abidingly satisfied that there is not sufficient evidence of recklessness or reckless conduct upon the part of the defendant widow in the management or operation of the car from which the jury could properly find, even under the preponderance of evidence rule applicable to civil actions, that she is guilty of involuntary manslaughter," and reversed the judgment of the jury against the widow.

The statute, section 12032, when analyzed, forbids any

person who falls within the terms of the act, from receiving any interest in the estate of the decedent as surviving spouse. The statute says: "No person who feloniously takes or causes or procures another so to take the life of another shall inherit from such person, or receive any interest in the estate of the decedent as surviving spouse." It does not say that any person who is convicted of so doing, but it bases it upon the fact itself, i. e., the commission of the acts set forth in the statute.

So, when we come to analyze the resistance filed in this case, there is nowhere in the resistance any statement that Pearl Johnston feloniously took or caused to be taken or procured another to take the life of her husband. True, it says in the resistance that "his death was caused by gunshot wounds inflicted on the said Herbert T. Johnston by the applicant herein, his surviving spouse". We can imagine many instances in which this fact might be admitted, and yet, not done feloniously. If it were done in self-defense, it would not be done feloniously; if it were done by inadvertence, it would be without any intent, and perhaps would not be felonious; if it were accidental it would not be feloniously. So at the best, for the objector, he has set up no facts in resistance to the widow's application that would justify the court in cutting her out of her allowance. True, he goes on and alleges, or sets up in the objection, that Pearl Johnston was tried for the murder of Herbert T. Johnston in the district court of Ringgold county, and on November 2, 1934, was convicted of manslaughter, and that the conviction has not been set aside. That may all be true, but still there is not in the resistance any allegation of a felonious killing. If one wanted to be hypercritical, further objection could be made to this last allegation quoted from the objections, that there is no connection between the trial of Pearl Johnston in the district court of Ringgold county, and the conviction of manslaughter on the 2d day of November, 1934. It does not even say she was convicted in that case. So while the motion to strike was sustained, it was up to the administrator to plead further or to stand upon the motion. If he pleaded further, he should have pleaded so as to bring somewhere near to within the statute the allegation that the applicant feloniously caused the death of her husband. He took part in the trial; he offered no evidence. It seems to us that the mere naked allegation that one had been convicted of manslaughter is not a sufficient pleading to bar the

spouse from participating in the estate of the deceased. But the allegation must be somehow or other such as to bring it within the terms of the statute. The record in cases must be made in the court below. We have no right to go outside of the record made by the parties themselves, and if careless pleading sometimes results in failing to consider all questions in the case, it is the fault, not of the courts, but of the litigants and their attorneys. The administrator did not plead further; or did not announce that he stood upon the motion, at least the record does not so show, although it does show he took exception to the ruling. The application was submitted to the court; the court took evidence on it, and the allowance made was certainly reasonable enough in view of the size of the estate.

We think that after the court sustained the motion to strike, there was nothing else to do but what the court did do. As is shown in the motion to strike, the facts set up there were immaterial. Unless there be some connection so as to bring them within the provisions of the statute, they have no weight.

In the Iowa Law Review for January, 1935, there is a review, beginning on page 524 and ending on page 526, of the cases in Iowa which have arisen under similar statutory provisions. And speaking of the first opinion in Crouse v. Crouse, it says:

"It was held in the first case that the burden of proving the defendant guilty rested on the plaintiff." This is the doctrine of that case, and winds up with this quotation: "Thus, the Iowa statute which contains nothing pertaining to requirement of conviction, apparently permits the civil courts to determine the question of guilt or innocence for the purpose of distributing property of the victim."

If a finding of "not guilty" in a prosecution is not conclusive evidence in such a hearing as this, the finding of "guilty" is not conclusive. In other words, the civil court determines the question on the record before it.

We think that is the correct rule under the Iowa statute. Many other questions have been argued in this case, but on the whole record, as herein set out, we are of the opinion that there was no error in what the lower court did, and for the reasons herein expressed, the decision of the lower court is affirmed.

The case then proceeded to trial and the administrator and

his attorney took part in it. There can be no question but what with the record standing as it then stood, the decision of the lower court is right. So, if there was any error committed, it was by the court sustaining the applicant's motion to strike from the resistance.

The effect of the motion was to strike from the resistance the following:

"That Pearl Johnston was tried for the murder of Herbert T. Johnston in the District Court in and for Ringgold County, Iowa, and was, on November 2, 1934, convicted of manslaughter, and, that said Pearl Johnston was on December 17, 1934, duly sentenced and judgment order entered under said conviction of manslaughter.

"That said judgment order and said conviction still stands of record in the office of the Clerk of this Court."

And also to strike from the resistance the following:

"That section 12032 of the Iowa Code of 1931 provides as follows:

" 'No person who feloniously takes or causes or procures another so to take the life of another shall inherit from such person, or receive any interest in the estate of the decedent as surviving spouse, or take by devise or legacy from him, any portion of his estate.'

"That it would appear from the application of the statute above quoted that the applicant, Pearl Johnston, has no legal interest in the Estate herein."

These are a mere pleading of evidence; they are no pleading of the ultimate fact, i. e., that the applicant "feloniously took or caused or procured another to take the life of her husband". All the administrator had to plead, if any pleading was necessary at all, was that the applicant had feloniously taken or caused to be taken the life of her husband. Nowhere is this pleaded. So, without this allegation we merely have in the resistance the allegation or claim in the first part stricken that "she was tried for the murder and was convicted of manslaughter and duly sentenced". In the second part there was simply a pleading of the statute; that is not necessary; it has no place in the resistance; the court takes cognizance of the statute. So the only evidence that could have been introduced in this was to tie

up the matter as a "felonious" killing. The plea that she had been convicted in the district court availed the administrator nothing. The fact of her conviction was not even admissible to the district court, except possibly to prove there had been a judgment, but to prove none of the facts back of it.

34 C. J. page 970, section 1387, has this to say:

"By the great weight of authority, and in the absence of any statute to the contrary, a judgment or sentence in a criminal prosecution is neither a bar to a subsequent civil proceeding founded on the same facts nor is it proof of anything in such civil proceeding, except the mere fact of its rendition. So where the same acts or transactions constitute a crime and also give a right of action for damages or for a penalty, the acquittal of defendant when tried for the criminal offense is no bar to the prosecution of the civil action against him, nor is it evidence of his innocence in such action."

In the case of Micks v. Mason, 145 Mich. 212, 108 N. W. 707, 11 L. R. A. (N. S.) 653, 9 Ann. Cas. 291, the court has this to say:

"An acquittal in a criminal prosecution for maintaining within the fire limits a building alleged to be a nuisance because not complying with a requirement of the municipal ordinance is not *res judicata* upon the question of nuisance, in a proceeding by the owner to enjoin the summary destruction of the building in accordance with the provisions of the ordinance."

The note to this case lays down the rule that the conviction and acquittal in criminal cases is admissible in civil action, to establish the rendition of the original judgment. So a judgment of conviction of a felony would be proper for impeachment in civil cases, and would be a conclusive fact of the conviction, but that is all. Another note, on page 655 of the L. R. A. report, says:

· "It has been laid down by the courts as a general rule, and repeated by text writers, that a judgment in a criminal prosecution cannot be given in evidence in a civil action to establish the truth of the facts on which it was rendered," citing 2 Black, Jdgm. section 529; 1 Greenl. Ev. section 537; Taylor, Ev. section 1693. Another note is found on page 656,

"Nor is a judgment of acquittal in a criminal prosecution for removing crops admissible in evidence in a civil action to recover the crops," reported in the case of Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L. R. A. 617.

■■■ Of course, where one is charged with a crime and pleads guilty, while the judgment is not evidence of the truth of the charge, the plea is regarded as an admission, and hence, such a record would be admissible. In Lillie v. Modern Woodmen of A., 89 Neb. 1, 130 N. W. 1004, in an action to recover insurance under a statute having a similar provision to the one under discussion here, it was held by the Nebraska Supreme Court that a certified copy from the criminal court of a conviction was not admissible.

State of Kansas v. Roach, 83 Kan. 606, 112 P. 150, 31 L. R. A. (N. S.) 670, 21 Ann. Cas. 1182, holds that an acquittal upon a criminal charge is not a bar to a civil action brought against the defendant by the state, although, in order to recover, it must prove him to have been guilty of the offense. There is a valuable note to this case in L. R. A. fully supporting this, which cites a number of authorities.

This proceeding was in probate. The rules of pleading in probate are not fixed as they are in the ordinary lawsuit. Harrison v. Harrison, Ex'x, 124 Iowa 525, 100 N. W. 344; Craig v. Craig, 167 Iowa 340, 149 N. W. 454; Crist v. Tallman, 190 Iowa 1248, 179 N. W. 522.

In the case of Bennett v. Lutz, 119 Iowa 215, 93 N. W. 288, a probate proceeding, an assignment of error was made in striking out a part of the second paragraph of the answer filed by the administrator; the court saying on page 218:

"'* * * the matters stricken out were, at most, matters of evidence only; the essential ultimate fact not being assailed by the motion or affected by the ruling thereon. And if the matter stricken out was intended as a counterclaim, it stated no fact or facts on which any allowance could be made in the executor's favor, nor could it properly be pleaded in the same count with the defense above mentioned." And this court saw no reason for reversing the decision of the lower court.

Commenting on Crouse v. Crouse, 210 Iowa 508, 229 N. W. 850; Id., 214 Iowa 725, 240 N. W. 213; the Iowa Law Review of January, 1935, in an article beginning on page 524, says:

"Thus, the Iowa statute which contains nothing pertaining to requirement of conviction, apparently permits the civil courts to determine the question of guilt or innocence for the purpose of distributing property of the victim."

No other questions being raised than discussed, hence we arrive at the conclusion that if the court below committed any error in this case, it was in sustaining the motion to strike, and we see no error in this; hence the case stands here with the trial being had, and the evidence not being certified up, This is a court for the correction of errors, in such proceedings as this, as well as in all common-law cases. It can only try a case anew in equity. We are not justified in reversing the case, because we might have arrived at a different conclusion had it been tried differently before us, but we must take the record as we find it. We are asked here to reverse a case, then, in which there is no error, and in which we may dislike the final conclusion arrived, at, on account of the impressions in this case. It is not our fault that the parties below did not present their case to the court; we cannot do it for them, and we are not justified in reversing the lower court because somebody failed to plead their proper defense. Hence, following these reasons, the decision of the lower court must be and is hereby affirmed.

ANDERSON, C. J., and DONEGAN, ALBERT, RICHARDS, and HAMILTON, JJ., concur.

### SUPPLEMENTAL OPINION.

PARSONS, J.—On submission of petition for rehearing, it was ordered that the cause be affirmed and the following supplementary opinion be entered:

In this case, no question has been made as to the right of the widow to have an allowance for support made in the case of the felonious killing. Hence the opinion did not turn on this proposition and no decision is made concerning such matter, and this case is not to be taken as an authority, one way or the other, in such a state of facts. The ruling in this cause was simply on the record below. The administrator did not plead that the widow was guilty of the felonious killing. This was not pleaded in any form. What he pleaded was stricken out. Then the case came on for trial before the district court. Evidence was taken, the administrator appeared, and his attorney cross-examined him.

None of this evidence is certified up or contained in the abstract. As the record stood before the court below at the hearing, it only appeared that the plaintiff was the widow of the deceased, that he had an estate of $35,000 or thereabouts, and that she was entitled to a widow's allowance, as tried below. Further than that, the opinion is not an authority on any of the questions which would ordinarily arise in a similar matter.

ANDERSON, C. J., and DONEGAN, ALBERT, RICHARDS, and HAMILTON, JJ., concur.