D. W. BATES, Superintendent of Banking, Receiver, Plaintiff, Appellee, v. HARLEY CARTER et al., Defendants, HARLEY CARTER, Defendant, Appellant.

No. 44446.

OCTOBER 18, 1938.

Ralph H. Munro, for appellant.

Thoma & Thoma and Roscoe P. Thoma, for appellee.

SAGER, C. J.—Plaintiff alleges that the bank of which he is receiver entered into a contract with defendant for the bailment of cattle. The contract provided that defendant might, at a stipulated price, purchase the cattle. The contract further provided that in the event of failure to pay the contract price, the property would be surrendered on demand. On refusal to pay (as plaintiff claims) or to surrender possession, this action was brought.

On a trial on an issue of payment claimed to have been made by defendant a verdict was returned in his favor and judgment rendered in his behalf. Thereafter a petition to vacate judgment and for new trial was filed by plaintiff. Defendant's demurrer to this petition was overruled and an appeal was taken to this court. This resulted in an affirmance and the case went back for trial. See Bates v. Carter, 222 Iowa 1263, 271 N. W. 307. It should be noticed that in that appeal claim was made that the property belonged to defendant's wife, though that fact is not important here.

While the civil proceedings were pending defendant was indicted for uttering a forged instrument. The forgery was the indorsement by a forged "Paid" stamp, making it appear that the contract price had actually been paid. On a trial defendant was convicted and sentenced to the penitentiary for a term of fifteen years. He appealed and the case was reversed. State v. Carter, 222 Iowa 474, 269 N. W. 445. On a retrial in the district court defendant was acquitted. Thereupon defendant, with the thought that his acquittal in the criminal case was a complete defense to this replevin action, filed an amendment setting up the fact of acquittal as *res judicata.*

The language of his plea is (case No. 2150 mentioned being the criminal case) :

"That said cause No. 2150 has been fully and finally adjudicated in this court and each and all of the issues therein pleaded have been determined in favor of this defendant and against the plaintiff, the State of Iowa, and against its officer and representative, the plaintiff in this action, whose attorneys appeared as attorneys for the plaintiff in said cause No. 2150 and conducted the trial thereof.

"That the issue of payment of the consideration of $612.50 mentioned in the writing above referred to was one of the vital

and material issues determined in the trial of said cause No. 2150, and has been fully and finally adjudicated in favor of this defendant and against the State of Iowa and its officers and privies, of which the plaintiff in this action was one, and who employed and compensated the attorneys who appeared for the state and tried said action.

"That it has been fully and finally adjudicated by this court that this defendant did pay to the said Iowa State Savings Bank of Fairfield, Iowa, the full consideration and purchase price of all of the cows described in said written contract between this defendant and the said Iowa State Savings Bank, and the plaintiff is estopped from now attempting to relitigate said issue of fact."

The trial court sustained plaintiff's motion to strike the plea of *res judicata* on grounds which may be summed up as being that the facts stated do not constitute a bar to plaintiff's cause of action.

Defendant's appeal from this ruling presents the one question in the case. The books are full of decisions which sustain the trial court's ruling, but it would serve no good purpose either to cite or to analyze more than a few of them.

We have expressed ourselves adversely to defendant's contention. In re Estate of Johnston, 220 Iowa 328, 261 N. W. 908, 262 N. W. 488, we quoted with approval this language from 34 C. J., page 970, section 1387:

"By the great weight of authority, and in the absence of any statute to the contrary, a judgment or sentence in a criminal prosecution is neither a bar to a subsequent civil proceeding founded on the same facts nor is it proof of anything in such civil proceeding, except the mere fact of its rendition. So where the same acts or transactions constitute a crime and also give a right of action for damages or for a penalty, the acquittal of defendant when tried for the criminal offense is no bar to the prosecution of the civil action against him, nor is it evidence of his innocence in said action." [Page 335 of 220 Iowa, page 911 of 261 N. W.]

This case cites several authorities on the question. See, also, State ex rel. Threlkeld v. Osborne, 207 Iowa 636, 223 N. W. 363, wherein Faville, J. points out one of the reasons why

a verdict of acquittal is not a bar to a civil action based on the same state of facts. The Supreme Court of the United States, in Helvering v. Mitchell, 303 U. S. 391, 58 S. Ct. 630, 82 L. ed. 622, decided on March 7, 1938, is an authority against defendant's contention, and distinguishes one of the cases upon which he relies: Coffey v. United States, 116 U. S. 436, 6 S. Ct. 437, 29 L. ed. 684. See, also, 34 C. J., p. 970, sec. 1388; 15 R. C. L., Title "Judgments," secs. 476, 477, 479; 7 Encyc. of Ev. 850; note to Interstate Dry Goods Stores v. Williamson, 31 A. L. R. 261; note to 57 A. L. R. 504; note to Schindler v. Royal Ins. Co., 80 A. L. R. 1145.

Defendant relies upon State of Iowa v. Cobb, 123 Iowa 626, 99 N. W. 299; State of Iowa v. Meek, 112 Iowa 338, 84 N. W. 3, 51 L. R. A. 414, 84 Am. St. Rep. 342; State v. Mikesell, 70 Iowa 176, 30 N. W. 474; Plummer v. Harbut et al., 5 Iowa 308; and others; but these will on examination be found to fall within the exceptions pointed out in the citations above set out. They come within the rule announced in 15 R. C. L., Title "Judgments," sec. 479:

"* * * When the subsequent action, although civil in form, is quasi criminal in its nature, as in actions to recover penalties or declare forfeitures, it may be regarded as a second prosecution for the same offense, and be barred by a prior conviction or acquittal. This exception to the general rule is recognized, however, only where the object of the quasi criminal or penal action is punishment and not compensation. * * *."

We conclude that the ruling of the trial court is sustained, not only by our own cases but by the overwhelming weight of authority. It follows that its ruling should be, and it is affirmed. —Affirmed.

All Justices concur.