GARVER v. UTYESONICH.

5-2619                                    356 S. W. 2d 744

Opinion delivered May 7, 1962

34

*Shaver, Tackett & Jones,* for appellant.

*M. C. Lewis, Jr.,* and *Earl J. Lane,* for appellee.

Neill Bohlinger, Associate Justice.  On the night of April 2, 1960, the appellant, Elizabeth Garver, was in the City of Hot Springs.  At that time she met socially the appellant, Harry A. Curtis, and at approximately 10 o'clock on the morning of April 3rd, she loaned to Harry A. Curtis her Buick automobile.  It appears to have been the understanding at that time that appellant, Curtis, was to return Mrs. Garver's automobile later that afternoon at which time the appellants planned to have dinner.  The matter of agency between appellants is not raised.

While driving Mrs. Garver's car, the appellant, Curtis, about six o'clock in the afternoon, at the intersection of Central Avenue and Olive Street, attempted to make a sharp left turn into Olive Street at which time the automobile he was driving collided with a motor scooter being operated by Joseph A. Utyesonich, the appellee herein, the accident causing both property damage and physical injury to the appellee.

As a result of this accident, the appellee filed a complaint in the Garland Circuit Court against the appellants herein and alleged that while he was exercising

due care and caution the appellant, Curtis, negligently and carelessly crossed the center line on Central Avenue into the lane in which appellee was driving and attempted to make a sharp left turn into Olive Street; that he failed to yield the right-of-way and that the damages suffered by appellee were serious, painful, and permanent; for all of which he prayed damages.

The appellants, Elizabeth Garver and Harry A. Curtis, filed their separate answers in that cause through the Honorable Boyd Tackett who appears as attorney for both the parties, appellants.

The cause proceeded to trial on June 26, 1961, at which time the attorney for the appellee, Joseph A. Utyesonich, filed a motion in which he requested the court to appoint a guardian *ad litem* for the defendant, Curtis, who, he stated, appeared to be mentally incompetent. To that motion was attached a letter from S. I. Feurst, M. D., on the stationery of Martin Memorial Clinic, Vicksburg, Mississippi, in which Dr. Feurst stated that appellant, Curtis, was mentally ill, the diagnosis being schizophrenic reaction, paranoid type. By this is meant that Mr. Curtis displayed autistic unrealistic thinking and obviously believed that there was some kind of plot against him; that he was very tense, highly suspicious and hostile and refused to take medication, which the doctor stated was a common reaction in certain stages in paranoid schizophrenia; that Mr. Curtis was incapable of giving testimony and that it was debatable as to whether he would know what he was saying. The length of the mental incompetency could not be determined and Dr. Feurst did not believe that without necessary treatment Mr. Curtis would improve at any time in the near future.

Responsive to that motion, the court, on June 26, 1961, entered its order and appointed the Honorable Boyd Tackett, the attorney for both parties, appellants, guardian *ad litem* for Harry A. Curtis.

Thereafter, Mr. Tackett filed an amended and substituted answer for Harry A. Curtis and entered his

appearance as guardian *ad litem*. Mr. Tackett further filed a separate amended and substituted answer for Elizabeth Garver. The appellants, Elizabeth Garver and Harry A. Curtis, by their attorney, Boyd Tackett, filed a motion for a continuance in order that the mental condition of appellant, Curtis, might be determined and the possibility of his attendance at the court ascertained. The appellant, Elizabeth Garver, set out in that motion that without the testimony of the appellant, Harry A. Curtis, she would be greatly prejudiced and that the appellees' cause of action would not be jeopardized by a reasonable continuance and that there was no other person, other than appellant Curtis, who could testify in defense of this action.

On February 10, 1961, Louise Childers, as mother, next friend, and guardian of Daniel Edward Sampson, filed a complaint against these appellants alleging injuries to Daniel Edward Sampson who had been a companion of the appellee, Joseph A. Utyesonich, at the time of the accident.

The two actions were joined for trial and the case proceeded to trial and the jury returned a verdict of $1,000.00 against both the appellants herein in favor of Louise Childers, mother, next friend and guardian of Daniel Edward Sampson, a minor, and also found against the appellants in the sum of $31,000.00 in favor of Joseph A. Utyesonich. Judgment was entered accordingly and to reverse that finding and judgment the appellants present this cause here.

The appellants present eight points relied on for reversal but we need look no further than the second point on which this case must be reversed. That point is as follows:

"The trial court erred in appointing the attorney for defendants guardian *ad litem* for the absent defendant, Harry A. Curtis."

Mr. Tackett, who was appointed guardian *ad litem*, was the attorney for both the appellants and therefore

was not eligible for appointment as guardian for the appellant, Curtis, who was alleged to be of unsound mind. The statute on this point is clear and unambiguous.

"* * * The appointment can not be made until after the service of the summons in the action. No party or attorney in an action can be appointed guardian to defend therein for an infant or person of unsound mind." §27-826 Ark. Stats.

The question of the mental condition of appellant, Harry A. Curtis, was timely and forcefully presented. A doctor testified that he was mentally ill, would not know what he was saying if he tried to testify, and that the chances of his recovery were somewhat remote.

It is true that the probate courts, by the constitution, are given original jurisdiction in matters of persons of unsound minds and their estates, but this does not exclude the jurisdiction of other courts to hear and determine suits by and for insane persons whether under guardianship or not and whether they have been judged insane by the probate court nor not.

In the case of *Peters* v. *Townsend,* 93 Ark. 103, 124 S. W. 255, we said:

" '*** It was regarded as error to proceed against him without such guardian. If the insanity of a defendant in a pending suit was suggested, but had not been judicially ascertained, the court gave opportunity for an inquisition to be held, or took the necessary steps to determine the question for itself; and, having ascertained that the defendant was mentally incapable of making his defense, it appointed a guardian *ad litem* for him, and thereafter imposed upon him the restraints of infancy.' "

We cannot say that the appointment of Mr. Tackett was improvident or that the cause of the allegedly insane appellant was in any way jeopardized, but the Legislature has said in no uncertain terms that no attorney in any action can be appointed guardian *ad litem* to

defend therein. The appointment of an attorney for the parties herein as guardian *ad litem* was error.

The record reflects that the appellees introduced the deputy clerk of the Hot Springs Municipal Court as a witness and such deputy clerk identified the docket sheet and testified therefrom that appellant, Harry A. Curtis, was on the docket sheet and as to his case number and the fact that he was represented by an attorney who entered a plea of guilty to a charge of failure to yield the right-of-way.

This witness did not testify that she was present in court and heard the plea entered and her testimony from the docket sheet on the various details of the case just as effectively introduced a record of conviction in the municipal court for a violation of the statute as if the docket sheet had been made an exhibit to her testimony.

This cannot be done. The statute provides [Ark. Stats. 75-1011]:

''Record of conviction inadmissible in a civil action. —No record of the conviction of any person for any violation of this act shall be admissible as evidence in any court in any civil action.''

The act referred to applies to traffic violation and the language of the Legislature makes clear its intent that the record of the municipal court cannot be introduced in actions of this kind. As further evidence of Legislative intent, Act 216 of the Acts of 1961 provides that no record of the forfeiture of a bond or of any conviction of any person for any violation of this Act [traffic violation] shall be admissible in any court in any civil action. Under these enactments, the evidence of the traffic violation was not admissible.

While an admission against interest in the course of conversation might be admissible, those admissions

cannot be fortified and given weight by reason that a court of law has taken action on them. As far as the record of the municipal court in a traffic violation is concerned, it is a closed chapter in a trial of a civil suit in any other court.

For the reasons herein stated this cause is reversed and remanded for further proceedings not inconsistent with this opinion.