OLAF BOOK and GUSTAVE BOOK, executors of estate of Otto Book, deceased, appellants, v. JOHN WILLIAM DATEMA, appellee.

RAYMOND ROLLEFSON, administrator of estate of Martin R. Rollefson, deceased, appellant, v. JOHN WILLIAM DATEMA, appellee.

No. 51458.

(Reported in 131 N.W.2d 470)

November 17, 1964.

Weible & Stipp, of Forest City, for appellants.

Boyle & Schuler, of Clear Lake, for appellee.

Moore, J.—This appeal involves two wrongful death actions consolidated for trial and also here. At about 5 p.m. May 11, 1963, the automobile driven by defendant, John William Datema, struck the rear of Olaf Book's vehicle which was traveling east on Highway 9 just east of Forest City. A vehicle coming from the east prevented defendant from passing to the left. Defendant was aware the Book automobile was traveling ahead of him but was unable to stop. After the impact Book's car veered to the north and then back to the south where it left the road. Book and his passenger Martin R. Rollefson were killed.

Each petition alleged two grounds of negligence: (1) defendant was operating his automobile at a greater speed than would permit him to bring it to a stop within the assured clear distance ahead and (2) was driving at a greater speed than was reasonable and proper, having due regard for the conditions existing, both contrary to Code section 321.285. Defendant's answers denied these allegations.

Before trial defendant's motion to exclude all evidence regarding his plea of guilty to a criminal charge relating to one or both of the alleged grounds of negligence was sustained. The trial court ruled such evidence, whether introduced as substantive proof of negligence or on cross-examination of defendant for impeachment purposes, was inadmissible under section 321.489, Code, 1962. The court indicated any attempt by plaintiffs to introduce such evidence would result in a mistrial. This ruling presents the sole issue on this appeal by plaintiffs from judgment on adverse verdicts. For clarity we will refer to them as plaintiff.

I. The general rule is that the record of a conviction or acquittal in a criminal prosecution is not admissible in evidence in a civil action to establish the truth of the facts on which it was rendered. Annotations, 31 A. L. R. 261, 18 A. L. R.2d 1287; In re Estate of Johnston, 220 Iowa 328, 335, 261 N.W. 908, 911, and citations; Bates v. Carter, 225 Iowa 893, 894, 895, 281 N.W. 727, 728, and citations.

II. However, an exception to this rule is that the record in a criminal case showing a plea of guilty is admissible in a subsequent civil action against the accused arising out of the

same offense, as his deliberate declaration or admission against interest. 20 Am. Jur., Evidence, section 648; Annotations, 31 A. L. R. 261, 18 A. L. R.2d 1287; Root v. Sturdivant, 70 Iowa 55, 29 N.W. 802; Hauser v. Griffith, 102 Iowa 215, 71 N.W. 223; Boyle v. Bornholtz, 224 Iowa 90, 275 N.W. 479.

In Crawford v. Bergen, 91 Iowa 675, 60 N.W. 205; Jones v. Cooper, 97 Iowa 735, 65 N.W. 1000, and Swan v. Philleo, 194 Iowa 790, 190 N.W. 406, we point out the evidence of a plea of guilty is admissible but not conclusive proof in the civil action.

III. The purpose for which admissions are taken as evidence is thus stated in 31A C. J. S., Evidence, section 273:

"Admissions are ordinarily admissible as original or substantive evidence of the truth of the statements made or of the existence of any facts which they have a tendency to establish, and their admissibility is not dependent on any tendency to discredit the person by whom they were made. Of course, where the party who has made the admissions testifies, and the admissions are contradictory to, or inconsistent with, his testimony, the admissions are competent for the purpose of discrediting and impeaching him, although they should not be limited to the purpose of discrediting."

Speaking of a prior inconsistent statement, we say in Olson v. Hodges, 236 Iowa 612, 626, 19 N.W.2d 676, 684:

"Appellant assigned error because the court, in instructing upon the signed statement of appellee, heretofore referred to, told the jury that it could be considered only as bearing upon the credibility of the appellee as a witness and not as proving any substantive fact. The instruction was duly excepted to. This statement was admitted generally without any restriction as to its consideration, over appellee's objection that it was incompetent. The instruction unduly and improperly limited the consideration of the statement by the jury. It was proper for the jury to consider it not only in its bearing upon appellee's credibility as a witness, because inconsistent with his testimony, but since it was a deliberate statement over his own signature it was admissible not merely as discrediting the testimony of appellee, if the statement was believed by the jury, but as

substantive evidence against him and as bearing upon the worthiness of his whole claim."

Freas v. Sullivan, 130 Ohio St. 486, 491, 200 N.E. 639, 641, states:

"Freas' plea of guilty to the charge of reckless driving, being predicated upon the collision in question, was admissible for two reasons: It reflected directly upon the question of his negligence, and, as by answer he denied he was negligent, it would likewise reflect upon his credibility."

 IV. With these general principles prior to the enactment in 1937 of what is now Code section 321.489, defendant does not seriously disagree. His contention, which the trial court accepted, is that section 321.489 bars the use of any record or evidence of a plea of guilty as declarations or admissions against interest.

Section 321.489 provides: "Record inadmissible in a civil action. No record of the conviction of any person for any violation of this chapter shall be admissible as evidence in any court in any civil action."

Plaintiff argues this section does not change the existing common law. He maintains the reason for its passage was due to a modern tendency to abandon the general rule and to permit records and evidence of convictions in civil cases. The annotation in 18 A. L. R.2d at page 1289 observes such a tendency.

Since the passage of section 321.489 we have not squarely decided the issue presented here. We have however strongly indicated the rule of admissions against interest by a plea of guilty to an offense involving the same accident · remains unchanged.

In Tuthill v. Alden, 239 Iowa 181, 30 N.W.2d 726, without an objection by defendant, a notation of a plea of guilty to the charge of careless driving by defendant was received and considered. In Tucker v. Heaverlo, 249 Iowa 197, 86 N.W.2d 353, defendant had made a statement to the effect he had pleaded guilty to reckless driving. At page 205, 249 Iowa, page 358, 86 N.W.2d, we say: "A plea of guilty may be admissible as an admission against interest. Blashfield, Cyclopedia of Automobile

Law and Practice, 1954 Edition, Volume 9C, section 6196, page 310."

In Mathews v. Beyer, 254 Iowa 52, 116 N.W.2d 477, an admission by defendant at the time he was informed of a criminal charge against him that his only violation was a bad taillight was permitted as evidence against him. A dissent by two members of the court agreed with defendant's contention the evidence was barred by section 321.489.

Authorities from other jurisdictions having the same or similar statute as section 321.489 are divided on the question here presented. All seem to agree a record of conviction or acquittal is inadmissible.

The Michigan statute provides: "No evidence of the conviction of any person for any violation of this chapter or of a local ordinance pertaining to the use of motor vehicles shall be admissible in any court in any civil action."

Elliott v. A. J. Smith Contracting Co., 358 Mich. 398, 100 N.W.2d 257, holds a record of conviction is barred by the statute and points out the reasons for the holding.

However, the very recent case of Diamond v. Holstein, 373 Mich. 74, 127 N.W.2d 896, 897, where defendant admitted he had entered a plea of guilty to a charge of unsafe driving before a justice of the peace in connection with the accident, says: "As for the guilty plea in the criminal case, the plea could be considered as evidence of negligence, and it was received into evidence and was before the jury for such consideration, but it was not conclusive thereof * * *." The Michigan court applies the common-law rule and in effect holds, as to admissions, the statute did not change the law.

The Arkansas statute is identical with our section 321.489. Garver v. Utyesonich, 235 Ark. 33, 38, 356 S.W.2d 744, 747, holds a deputy clerk of a municipal court was barred by the statute to identify and testify from the court docket showing defendant's attorney had entered a plea of guilty to a charge of failure to yield the right-of-way. However, the holding is qualified by the statement: "This witness did not testify that she was present in court and heard the plea entered."

In Harbor v. Campbell (1962), 235 Ark. 492, 493, 360

S.W.2d 758, 759, plaintiff sued for injuries received when defendant, operating a motor vehicle, hit the rear end of plaintiff's car. The trial court refused to receive a certified copy of the municipal court records to show defendant had paid a fine for failure to yield the right-of-way in the same accident, citing the Utyesonich case. The trial court also refused to allow plaintiff to ask defendant on cross-examination if he had pleaded guilty to said charge. On plaintiff's appeal the Arkansas court reversed the trial court for its refusal to allow plaintiff to question defendant on cross-examination about his plea of guilty, and said:

"The trial court refused this evidence of a plea of guilty; and such ruling was error. A plea of guilty for traffic violation for the identical traffic mishap is certainly a declaration against interest; and such plea of guilty is as admissible as any other declaration against interest in any other case. In Covington v. Little Fay Oil Co., 178 Ark. 1046, 13 S.W.2d 306, we said: 'It is well settled that any statements made by a party, to a suit against his interest, bearing on material facts are competent as original testimony.' Appellants sued appellee for damages, alleging appellee had been guilty of six acts of negligence. One of these was 'failing to have his car under proper control', and another was 'failing to exercise ordinary care under the existing circumstances'. Appellee's plea of guilty to 'failure to yield the right-of-way' had clear evidentiary value on the alleged acts of negligence."

The Minnesota statute is identical with section 321.489. Warren v. Marsh, 215 Minn. 615, 11 N.W.2d 528, conflicts with the holdings of the Michigan and Arkansas courts although Warren's plea of guilty was to a charge of failing to drive on his right half of the road and he was asked if he had pleaded guilty to a charge of careless driving.

In the Warren case a justice of the peace the day of the accident in which Warren was seriously injured and rendered unconscious went to his bedside, took his plea of guilty without benefit of counsel and assessed a small fine. Such procedure shocks the sense of fairness and this may have contributed to what we believe is an erroneous construction of the statute.

We have no such record here. The Minnesota court holds the statute prohibiting the admission in evidence in a civil action of the record of conviction of a traffic violation excludes evidence of an oral plea of guilty as well as a finding of guilt after trial. This reads more into the statute than we are able to find.

Although, sometimes lost sight of, the purpose of taking evidence in court is to ascertain the truth. The relevance and materiality of the testimony in question here is not open to doubt. It is clear the evidence would be proper if it were not for section 321.489. The statute does not in terms exclude it and it is not our proper function to enlarge it by construction so as to render inadmissible evidence that would otherwise be proper.

In this particular case it happens that our holding is favorable to a plaintiff. In another case the holding may be favorable to a defendant sued by one who had pleaded guilty to a traffic violation.

We hold defendant's voluntary plea of guilty was an admission which should have been received as substantive proof of negligence and also for impeachment.

V. Although apparently not considered by the trial court defendant also contends the evidence of his plea of guilty was barred by Code section 321.490. It provides: "Conviction not to affect credibility. The conviction of a person upon a charge of violating any provision of this chapter or other traffic regulation less than a felony shall not affect or impair the credibility of such person as a witness in any civil or criminal proceeding."

We are not impressed with this contention. Section 321.490 relates to any attempt to impair the credibility of a witness because of convictions of prior traffic law violations. It in no way changes the applicable law as to admissibility of declarations or admissions against interest or impeachment by showing prior inconsistent statements.

The ruling of the trial court is reversed. Both cases are remanded for retrial.—Reversed and remanded.

All JUSTICES concur except HAYS, J., not sitting, and SNELL, J., who dissents.

SNELL, J.—I respectfully dissent from the holding in Division IV of the opinion. I have no quarrel with Divisions I, II, III and V.

That a plea of guilty is an admission against interest is admitted. As such, except for the statute, evidence relative thereto would be admissible in a subsequent civil action. Ample authority, including our own pronouncements prior to the enactment of section 321.489, Code of Iowa, so hold. That is not the question before us. If such evidence is now inadmissible it is because of the statute.

I would hold that such evidence is now inadmissible because in my opinion the statute so provides.

Section 321.489, Code of Iowa, provides:

"No record of the conviction of any person for any violation of this chapter shall be admissible as evidence in any court in any civil action."

This statute erected a bar against the use of evidence that prior thereto was admissible.

To now say that under the statute the record itself is inadmissible, but that a plea of guilty entered as a part of the record is admissible, places a strained, unnatural and destructive construction and interpretation on the statute.

No one contends that the record of a conviction entered after a plea of not guilty would be admissible. A plea of guilty is an integral part of the record. It is not something separate and distinct or outside the record. It is the very thing proscribed by the statute.

The legislature must have had some purpose in enacting the statute. To me that purpose is clear, i. e. to prevent the proceedings in a criminal action from influencing the result in a civil action by its coercive impact.

In my opinion the holding of the majority emasculates, violates the intent, and, for all practical purposes, repeals the statute.

A person charged with some minor traffic violation will be forced to plead not guilty and stand trial for fear a plea of guilty will be used against him later in a civil action.

Mathews v. Beyer, 254 Iowa 52, 116 N.W.2d 477, cited by

the majority, does not require the holding reached in the case at bar but the fear expressed in the dissenting opinion has now been realized. As said in that dissent I would construe the statute as having a greater perimeter than does the majority opinion.