Virginia J. BERDING and Herman J. Berding, Appellants,

v.

Dennis LeRoy THADA, Appellee.

Camie BERDING, a minor by Herman J. Berding, her father and next friend, and Herman J. Berding, Appellants,

v.

Dennis LeRoy THADA, Appellee.

Randy ADAMS, a minor by Richard J. Adams, his father and next friend, and Richard J. Adams, Appellants,

v.

Dennis LeRoy THADA, Appellee.

Emmanuel FRANKS, Executor of the Estate of Theresia Franks, Deceased, Appellant,

v.

Dennis LeRoy THADA, Appellee.

No. 2–57049.

Supreme Court of Iowa.

June 30, 1976.

Finley & Teas, Mason City, for appellants.

Brown, Kinsey & Funkhouser, Mason City, for appellee.

·Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

REES, Justice.

This appeal involves litigation which was spawned by an automobile collision at an intersection in Mason City on December 30, 1970. Trial to a jury of the four consolidated cases resulted in verdicts for defendant, and plaintiffs appealed. We affirm.

About 5:49 p. m. on December 30, 1970, plaintiff Virginia J. Berding was operating an automobile in a southerly direction on South Pierce Avenue and was proceeding from a stop sign across U.S. Highway 18 (which is also Fourth Street S.W.), when the vehicle she was driving was struck on the left side by a car driven by defendant Dennis LeRoy Thada.

Theresia Franks, Mrs. Berding's grandmother was a passenger in the automobile and came to her death as a result of the accident. Mrs. Berding sustained injuries as did two other passengers in the car, her daughter, Camie Berding, and her nephew, Randy Adams, both of whom were minors.

As a consequence of the death of Theresia ·Franks, the injuries to the other three occupants of the car and the property damage to the automobile, four separate actions were commenced against the defendant. In

each, the plaintiffs alleged defendant was negligent in failing to keep a proper lookout, in failing to have his car under control, in driving at an excessive speed, in failing to operate the vehicle so as to be able to stop in the assured clear distance ahead and in driving while under the influence of intoxicating liquor. Plaintiffs further alleged in their petitions that defendant knowingly and willfully drank intoxicating liquors, became intoxicated and knowingly and willfully drove his automobile on the highway in violation of the rules, standards and laws of the road as set in the motor vehicle laws of Iowa, and in disregard of the safety of others. Plaintiffs asked for punitive or exemplary damages in addition to compensatory damages.

In his answer filed in each of the cases, defendant denied all material allegations of negligence and affirmatively pleaded that the sole proximate cause of the collision and the resulting damage to the plaintiffs was the negligence of Virginia Berding in failing to keep a proper lookout, in failing to yield the right-of-way to defendant's auto and in failing to proceed cautiously and with due care when entering a through highway where inhibited by a stop sign.

The plaintiffs state the following issues for review:

(1) Trial court erred in failing to instruct the jury that it had already been "judicially established" defendant was intoxicated at the time of the collision.

(2) Trial court erred in unduly restricting plaintiffs' cross-examination regarding the testing of specimens of blood taken from defendant to determine the level of blood alcohol therein.

(3) Trial court erred in failing to instruct the jury regarding exemplary damages.

█ I. In the first issue stated for review, plaintiffs assert trial court erred in failing to instruct the jury that defendant's intoxication at the time of the accident had been previously "judicially established".

On the first day of trial plaintiffs in three of the four consolidated actions filed amendments to their petitions as follows:

"That the above named defendant has previously been adjudged to have been driving his car in an intoxicated condition at the time and place of the accident, by finding and judgment of this District Court of Iowa in and for Cerro Gordo County, and that the fact of the defendant's intoxication is subject to the application of the principle of res judicata."
The same day, plaintiffs filed the following related motion:

"COME NOW the above named plaintiffs and move the Court to instruct the jury that, as to the issue of the defendant's intoxication at the time of the collision, the fact that he was intoxicated at that time and place has been already judicially established in the case of *State of Iowa v. Dennis LeRoy Thada,* one and the same person as the above named defendant, and that the District Court of Iowa in and for Cerro Gordo County, after trial to the Court, found the defendant guilty of driving while under the influence of an intoxicant, the issue being the same as the one in this case; and the defendant in both cases was the same identical person and had a full and fair opportunity to litigate the issue of intoxication, and that said issue was litigated and resolved against him by the order of a judge of this Court; and thus, the issue of the fact of the defendant's intoxication at the material times to this case has been established for the purpose of this litigation."

Trial court overruled the above motions, and plaintiffs allege such ruling was error.

We disagree. Trial court was correct in refusing to give res judicata effect to defendant's conviction of the crime of operating a motor vehicle while under the influence of an intoxicant insofar as it is related to the issue of his intoxication in this proceeding. We have recently discussed the principles governing the doctrine of res judicata. See *Trushcheff v. Abell-Howe Company,* 239 N.W.2d 116, 132–133 (Iowa 1976); *Bertran v. Glens Falls Insurance Company,* 232 N.W.2d 527, 531–534 (Iowa 1975). See also *Goolsby v. Derby,* 189

N.W.2d 909, 913–917 (Iowa 1971). Extended discussion is unnecessary here, because to accept plaintiffs' assertion as to the issue of res judicata would be to disregard specific statutory direction and render impotent a provision of our codified law.

Section 321.489, The Code, provides:

"321.489 Record inadmissible in a civil action. No record of the conviction of any person for any violation of this chapter shall be admissible as evidence in any court in any civil action."

The chapter referred to is, of course, the statute respecting motor vehicles and law of the road.

In *Book v. Datema,* 256 Iowa 1330, 131 N.W.2d 470, we held the above statute did not require exclusion from evidence of a voluntary plea of guilty, but we so held only because such guilty plea is properly treated as an admission by the defendant. In the instant case, plaintiffs admit defendant did not plead guilty to the charge of operating a motor vehicle while under the influence of an intoxicant. Our holding in *Book,* therefore, is of no benefit to them.

It is obvious that § 321.489, The Code, would be rendered impotent if we were to permit a defendant's conviction to establish conclusively the fact of his intoxication for purposes of subsequent civil litigation. Certainly such authorization would be contrary to the legislative scheme embodied in the above provision. See also 8 Am.Jur.2d Automobiles and Highway Traffic § 944, pp. 489–490; 50 C.J.S. Judgments § 754b, pp. 269–273; Annot., 18 A.L.R.2d 1287 (1951).

Accordingly, we conclude trial court did not err in failing to give the instruction sought by plaintiffs and the first issue stated for review in this appeal is without merit.

II. In the second issue stated for review, plaintiffs contend trial court erred in unduly restricting the scope of cross-examination of defendant's witnesses.

Apparently, while defendant was at a local hospital the evening of the collision, blood was drawn from him for the purpose of testing his blood alcohol level. Although plaintiffs introduced testimony that defendant appeared to be intoxicated on the evening in question, they made no attempt in their case in chief to introduce the results of the blood alcohol test. They did, however, attempt to bring out the test results indirectly through cross-examination of two of defendant's witnesses.

Defendant called William F. McElroy, a Mason City policeman, to testify on his behalf. McElroy testified he was on duty on the night of December 30, 1970, and went to the scene of the accident. He later went to the hospital and saw Thada, with whom he was acquainted, and spoke with him. He testified he did not consider Thada intoxicated at that time. On cross-examination plaintiffs' counsel began a line of questioning regarding the blood test. Defendant's attorney immediately asked for a conference on the matter out of the presence of the jury. In the discussions with the court out of the presence of the jury, plaintiffs' attorney stated he intended to "ask this witness and other witnesses as to whether or not a blood test was taken and to ask if they know what the result of that test is, and perhaps to ask them if they say they do, what the result of the test was . . . ." Defendant's attorney then made what he characterized as a motion in limine in which he asked the court to prohibit counsel for plaintiffs from "inquiring of any [witnesses] in substance whether or not a blood test or any other test was taken of the defendant, Thada, from inquiring about the results of any test, [and] from inquiring whether or not a witness knows the results of any test . . . ." Trial court overruled defendant's motion.

We believe it suffices to say that further cross-examination of Officer McElroy by plaintiffs' counsel established (1) that a specimen of blood was withdrawn from the defendant, (2) that the blood was tested for alcoholic content, and (3) that based upon "any other information" that McElroy "learned after that time at the hospital," which he now knew "as to Mr. Thada's condition at the time of the accident," his

opinion that defendant was not intoxicated would not change. An objection was lodged by defendant's counsel to a question by plaintiffs' attorney as to whether McElroy knew the results of the blood test. In the objection to such question it was asserted the question called for hearsay, since McElroy was not present during the actual testing of the blood and had no participatory connection with the test. The objection was sustained.

Similar information was brought out by plaintiffs' attorney in cross-examination of the witness Reindl, a Mason City police detective who testified for defendant. Reindl testified he did not consider defendant intoxicated on the evening of the collision. In addition, the following exchange took place between plaintiffs' counsel and the witness Reindl:

"Q. And, since that time, I'm asking you based on all of the facts that you now know in regard to Mr.—the defendant Thada's condition at that time of the accident, has your opinion changed any as a result of the blood test or anything else that you took or had taken?

"A. My opinion changed of his condition?

"Q. Yes.

"A. No.

"Q. Makes no difference to you, those other factors?

"A. No."

The record indicates plaintiffs' attorney did not directly attempt to ask Reindl the results of the blood test.

 The scope and extent of cross-examination lie largely within the discretion of the trial court. *State v. Monroe,* 236 N.W.2d 24, 29 (Iowa 1975), and citations. Clearly, the trial court did not abuse its discretion in ruling on objections made to the questions posed to defendant's witnesses on cross-examination.

It is clear from the record that the cross-examination in this case covered fully and fairly the subject of the police officers' opinions regarding defendant's condition as to sobriety or intoxication on the evening of the auto accident. Without objection from defendant, plaintiffs' attorney was successful in calling to the jury's attention the fact a blood specimen had been taken and tested for alcoholic content. The officers were also examined as to whether the result of defendant's blood-alcohol test influenced their opinions. Both McElroy and Reindl testified their initial opinions that defendant was not intoxicated were not affected by the information which came to them subsequently.

In essence, plaintiffs were unsuccessful only in the sense that they were not able to introduce in evidence the test results by the device of asking the officers what those results were. Clearly, the plaintiffs could have introduced those results themselves as substantive evidence, provided the proper procedure was followed. Section 321B.10, The Code. However, in *Lessenhop v. Norton,* 261 Iowa 44, 52–53, 153 N.W.2d 107, 111, we said:

"Before any result of a blood test analysis can be admitted in any civil or criminal case, the party seeking to introduce such evidence must first lay a proper foundation for its admission. Unless waived, this foundation must show that the specimen was taken by a duly-authorized person using proper sterile equipment, that it was properly labeled and preserved, that its care and transportation were proper, and also the identity of persons processing it so as to give the opposing party the opportunity to cross-examine as to the care and procedure used in the test."

Clearly, counsel for the plaintiffs sought to bypass the procedure detailed in *Lessenhop* by drawing out the test results in cross-examination of defendant's witnesses. We cannot approve such an attempt to circumvent the established foundation requirements. The questioning by plaintiffs' attorney on cross-examination regarding the blood test results called for patent hearsay and was properly excluded. Accordingly, we perceive no merit in plaintiffs' second issue stated for review.

III. In their third issue stated for review, plaintiffs assert trial court erred in failing to instruct the jury regarding exemplary damages.

An award of exemplary damages is never made as a matter of right. *Meyer v. Nottger,* 241 N.W.2d 911 (Iowa 1976). Exemplary damages are not allowed unless actual damages have been established. *Engel v. Vernon,* 215 N.W.2d 506, 517 (Iowa 1974); *McCarthy v. J. P. Cullen & Son Corp.,* 199 N.W.2d 362, 368 (Iowa 1972).

In these consolidated cases the jury found for the defendant and against each plaintiff. Even if the trial court erred in failing to instruct on the issue of exemplary damages, such error was cured by the jury verdict in favor of defendant. *Shannon v. Gaar,* 234 Iowa 1360, 1364–1365, 15 N.W.2d 257, 259–260. Accordingly, we must reject plaintiffs' third issue stated for review as being without merit.

We find no error. This case is therefore affirmed.

AFFIRMED.