**FARM AND CITY INSURANCE COMPANY, Appellant,**

v.

**John Charles HASSEL et al., Appellees.**

**No. 54868.**

Supreme Court of Iowa.

May 11, 1972.

Linnan & Lynch, Algona, for appellant.

Fitzgibbons Brothers, Estherville, for appellee John Charles Hassel.

Hutchison, Buchanan, Andreasen & McClure, Algona and Seifert, Johnson, Hand & Berens, Fairmont, Minn., for appellee, Peggy Ann Anderson.

REES, Justice.

This is an action for declaratory judgment brought by plaintiff insurance company, in which plaintiff prayed for judgment and decree adjudicating and determining plaintiff had no duty or obligation to defend any claims or actions which had been brought or might thereafter be brought against defendant Hassel, plaintiff's insured, arising out of or resulting from a one-car accident, occurring on May 12, 1968, and further determining and decreeing plaintiff had no duty or obligation to pay any amounts within the limitations of its policy which defendant Hassel should become legally obligated to pay because of any such claims or actions. Trial was had to the court with a jury waived, and trial court entered its decree adjudicating plaintiff was obligated to defend actions brought against its insured, and to respond in damages if any were recovered. We affirm the trial court.

Plaintiff's action is based on an alleged breach of a "cooperation clause" in its insurance contract with the defendant Hassel. The so-called "cooperation clause" is as follows:

"Assistance and Cooperation of the Insured. The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

The accident in question occurred on May 12, 1968, when plaintiff's insured, defendant Hassel, was driving his automobile on a county road approximately two and one-half miles southwest of the city of Estherville. He was accompanied by the defendant Pluth, the defendant Peggy Anderson, and Nettie Ann Mann, who was represented in the action by her personal representative, Faye L. Mann, Sr., administrator of her estate, the Mann girl having come to her death as the result of injuries sustained in the accident. Defendants Pluth and Anderson sustained personal injuries in the accident.

Immediately following the accident, plaintiff retained Attorney Robert F. Culver of Emmetsburg to represent its interest and the interest of its insured, Hassel, and also retained the services of an independent adjuster to conduct an investigation of the accident. The adjuster obtained a statement from defendant Pluth and also from defendant Hassel within two days of the accident. A statement was also taken from defendant Anderson. In all of the statements it was evident that the drinking of intoxicating liquors was involved, but the surviving occupants of the automobile, including defendant Hassel, maintained Hassel was not intoxicated.

Preliminary information was filed with a justice of the peace by the investigating highway patrolman, charging defendant Hassel with the crime of manslaughter,

and he was bound over to the grand jury, and indicted for the crime of manslaughter on August 20, 1968. The indictment was set aside on grounds not material to this matter, and immediately thereafter the county attorney filed an information charging defendant with manslaughter.

It became apparent to defendant Hassel that Attorney Culver might be placed in the position of representing conflicting interests, namely, the interest of plaintiff-company and its insured Hassel, and Hassel retained the services of his personal attorneys to represent him in the criminal case. Thereupon, Attorney Culver withdrew as counsel for Hassel in the manslaughter case by letter, advising him that a plea of guilty to any crime would be an admission which might jeopardize defendant or plaintiff in any pending civil damage suit, and suggested to Hassel that if the county attorney should offer to dismiss the manslaughter charge and permit Hassel to plead guilty to a misdemeanor, that such a plea of guilty would still be an admission such as might jeopardize plaintiff's interests.

Defendant on September 15, 1969 entered a plea of guilty to the charge of operating a motor vehicle upon a public highway while intoxicated, and on the same date sentence was imposed. The information charging defendant Hassel with manslaughter was thereupon dismissed on motion of the State.

On the trial of this matter in the district court, defendant Hassel testified that his plea of guilty to the crime of operating a motor vehicle upon the public highway while intoxicated was entered by him on advice of his counsel to avoid his exposure to the felony charge, but staunchly insisted that even though he had been drinking prior to the happening of the accident, he was not intoxicated. The record establishes, however, there was considerable evidence available to the State as to defendant's intoxication, and that there was a strong feeling of prejudice against Hassel in the community. Plaintiff insists the entry of the plea of guilty by its insured Hassel to the charge of operating a motor vehicle while intoxicated constituted a breach of the cooperation clause of its contract which is above set out.

At the time Hassel entered his plea to the information charging him with the crime of operating a motor vehicle upon the public highway while intoxicated, no civil damage suits had been filed against him, although he had been made aware of the fact that claims were being made against him by defendants Anderson and Pluth and by the personal representative of the Mann girl. At the time of trial of this matter in district court, suits had been filed in the Mann death case and by both of the surviving occupants of the automobile.

While plaintiff urges the errors of the trial court, stated as "propositions" in appellant's brief and argument in seven separate divisions, they are, we feel it fair to say, in part repetitive of each other. Basically, plaintiff relies for reversal on the following claimed errors:

(a) The court erred in finding insured had not breached his contract by pleading guilty to the charge of operating a motor vehicle on the highway while intoxicated over plaintiff's objections, after having maintained at all times he was not intoxicated at the time of the happening of the accident, and that such a plea of guilty constituted a lack of cooperation and a breach of the cooperation clause of the insurance policy.

(b) The court erred in finding that any prejudice to the insurance company by the plea of guilty to the driving while intoxicated charge was rebutted by the other evidence in the case.

I. We incline to agree with trial court that the plea of guilty of defendant Hassel to the information charging him with operating a motor vehicle while intoxicated, even though such plea of guilty was entered over the objections of plaintiff, did

not constitute a breach of the cooperation clause of the policy contract. See generally, 44 Am.Jur.2d, Insurance, §§ 1560–1568.

Plaintiff places considerable reliance on the case of Home Indemnity Co. of New York v. Standard Accident Ins. Co. (C.C. A. 9), 167 F.2d 919. In that case, the insured insisted he had not been involved in any accident, had not struck anyone, and had not known anything about an accident, but that his automobile had been damaged at a race track. During the investigative period he advanced four separate versions of the accident, and finally informed his company he intended to plead guilty to failing to stop immediately and render assistance following an accident, but insisted that he was not able to tell his insurance company why he had reached the conclusion to plead guilty. The federal court (holding since the cooperation provisions had been breached, no action would lie against the company) did not base its conclusion solely on the fact of the plea of guilty, but more so upon the fact insured had misled the company by stating the several versions of the accident. This conduct cannot be equated to the conduct of defendant Hassel in the matter before us; he at all times admitted having used intoxicants prior to the accident, and consistently insisted he was not influenced thereby to the extent of being intoxicated.

A like distinction can be made of the case of Kirk v. Home Indemnity Co. (C. C.A. 7), 431 F.2d 554, in which case the insured made false statements as to consumption of alcoholic beverages and his activities prior to the accident, his speed, and other facts pertinent to the inquiry. The company in the Kirk case was obviously misled by its insured, whereas in the matter before us, there is no indication the defendant Hassel made false statements as to his activities; he admitted his drinking, but insisted he was not intoxicated at or prior to the time of the happening of the accident.

■ Hassel's plea of guilty to the charge of operating a motor vehicle on the public highway while intoxicated was entered in order to dispose of the manslaughter charge then pending against him. Any prejudice to plaintiff, which is presumed under the Iowa law, has been rebutted by the other evidence in the case. Plaintiff was fully advised as to all of the facts prior to and at the time of the happening of the accident, and was at all times in a position to negotiate settlements of the civil claims of the occupants of the automobile. It was in such position prior to the entry of the plea by defendant; it was apprised of the names of the witnesses; and there is no change in the evidentiary pattern save and except for the fact that defendant's plea of guilty to operating a motor vehicle while intoxicated may now be introduced as an admission by defendant Hassel that he was intoxicated.

In its findings and conclusions the trial court made reference to the case of Standard Accident Ins. Co. v. Winget (C.C.A. 9), 197 F.2d 97, 34 A.L.R.2d 250, and concluded, as do we, that the discussion in the cited case makes reference to other cases cited which hold in situations where non-cooperation was found, because of the falsification of the facts, the circumstances were of such character that the court, as a matter of law, could infer harm to the insurer. The trial court stated his conclusion that in the cases referred to in *Standard, supra,* there was a showing that the insurance company acted upon the misrepresentation or concealment of its insured, and took a position from which it could not deviate without harm to the company. We perceive nothing similar to such a situation here. Plaintiff at all times had the facts and was in a position to settle and compromise the claims of the occupants of the Hassel vehicle if it saw fit to settle, and was in a position to defend the claims with all of the facts available to it if it saw fit not to settle. We must be mindful of the fact that defendant Hassel has at all all times insisted and still insists he was not intoxicated, and will in all likelihood so testify at the trial of any civil case now pending against him. We conclude, as did

the trial court, that there is no falsification upon which to base a breach of the cooperation clause of plaintiff's policy. While it is true, as the trial court stated in its findings and conclusions, plaintiff will now have to decide whether defendant's personal opinion that he was not intoxicated would prevail over all of the evidence assembled in the civil and criminal investigations following the accident, this same decision confronted the plaintiff long before the defendant entered his plea of guilty.

 We also conclude, as did the trial court, that plaintiff has, and had, no right to control or influence defendant Hassel in his efforts to dispose of the criminal charges pending against him to his own best advantage.

 II. Plaintiff correctly contends the voluntary plea of guilty of defendant Hassel to the charge of operating a motor vehicle on the public highway while intoxicated is admissible in the actions now pending against him. Book v. Datema, 256 Iowa 1330, 1333, 131 N.W.2d 470, 471. However, the plea is in no way conclusive in a civil action; it is an admission against interest and may be explained. Martin v. Cafer, 258 Iowa 176, 185, 138 N.W.2d 71, 77; Boyle v. Bornholtz, 224 Iowa 90, 99–100, 275 N.W. 479, 485; Crawford v. Bergen, 91 Iowa 675, 679, 60 N.W. 205, 206. In any event, plaintiff does not raise any issue with respect to the admissibility of the guilty plea by defendant Hassel.

We find no error on the part of the trial court in concluding that any prejudice to the insurance company by the plea of guilty to the driving while intoxicated charge was rebutted by the other evidence in the case. We deem it unnecessary to elaborate further on this point.

We find no error in the record, and affirm the trial court.

Affirmed.

All Justices concur, except McCORMICK, J., who takes no part.