---

Thomas J. Prebil, Brasher Law Firm, St. Louis, for Plaintiff/Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Andrew J. Lay, Assistant Attorney General, St. Louis, for Defendant/Respondent.

CRANE, Presiding Judge.

Plaintiff appeals a judgment dismissing her equitable garnishment action to recover moneys from the State Legal Expense Fund §§ 105.711—105.726 RSMo 1994. We affirm.

On September 7, 1988 Brenda Vasic and her husband Vladimir Vasic filed an amended petition against J.T.L.[1] to recover damages for medical malpractice and loss of consortium incurred while they were under J.T.L.'s care in 1987. At that time J.T.L. was employed by the State of Missouri as a staff psychiatrist at Malcolm Bliss Mental Health Center. In Count IV of that action, Brenda

**Brenda VASIC, Plaintiff/Appellant,**

v.

**STATE of Missouri, Defendant/Respondent.**

No. 70448.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1997.

Application to Transfer Denied May 27, 1997.

---

1. The parties entered into a confidentiality agree-

ment with respect to the underlying case.

Vasic sought damages on the grounds that J.T.L. sexually assaulted her when she was under his care. Subsequent to the filing of that action, Vladimir Vasic died. On February 26, 1993 Brenda Vasic [hereinafter "Vasic"] and J.T.L. entered into a consent judgment relating to the matters alleged in Count IV. The parties stipulated that "there exists the likelihood that the jury would find that plaintiff's damages in this action amount to six hundred thousand dollars ($600,000.00)." The judgment, however, provides that J.T.L. would pay to Vasic $15,000.00 "in partial payment and satisfaction of the judgment entered herein" because J.T.L. was unemployed and his medical license suspended. Vasic agreed not to collect the remaining $585,000.00 against J.T.L. Vasic and J.T.L. stipulated that the $15,000.00 payment:

> does not constitute the entire satisfaction of the damages suffered by plaintiff in this cause of action, or of the judgment entered herein and it is plaintiff's expressed intent that nothing in this Agreement To Judgment By Consent will operate as a release or a bar to further efforts to collect upon this judgment from the State Legal Expense Fund (R.S.Mo. § 105.711 *et seq.*).

J.T.L., Vasic, and their respective attorneys, both of whom were private practitioners, signed the consent judgment.

On October 26, 1993 Vasic filed this action against the State of Missouri. The trial court dismissed the original petition for failure to state a claim. In her amended petition Vasic sought to recover the $585,000.00 balance of the consent judgment from the State Legal Expense Fund pursuant to § 105.711.2(2). In that pleading she admitted that the state did not appear or participate in Vasic's action against J.T.L. The state moved to dismiss the amended petition for failure to state a claim because the attorney general did not conduct the defense or settlement of the action against J.T.L. and J.T.L.

did not cooperate with the attorney general or request coverage. On November 8, 1995 the trial court granted the state's motion to dismiss with prejudice on the following grounds: that no authority supported the use of the remedy of equitable garnishment under § 379.200 RSMo 1994 against the State Legal Expense Fund; that even if § 379.200 could be used against the State Legal Expense Fund, plaintiff could not recover moneys from the State Legal Expense Fund because the statutory conditions on payment of moneys from the State Legal Expense Fund were not met.

On appeal Vasic asserts that an equitable garnishment action is a proper remedy against the State Legal Expense Fund and that all conditions precedent to recovery from the State Legal Expense Fund were satisfied.[2] We need not reach the question of whether an equitable garnishment action lies against the state to recover from the State Legal Expense Fund because the statutory prerequisites to payment of the claim by the State Legal Expense Fund were not met.

The statute creating and governing the State Legal Expense Fund contains the following relevant provisions:

**105.711. Legal expense fund created— officers, employees, agencies, certain health care providers covered, procedure—rules regarding contract procedures and documentation of care—certain claims, limitations—funds not transferable to general revenue—rules, procedure, review.**—1. There is hereby created a "State Legal Expense Fund" which shall consist of moneys appropriated to the fund by the general assembly and moneys otherwise credited to such fund pursuant to section 105.716.

2. Moneys in the state legal expense fund shall be available for the payment of any claim or any amount required by any

---

**2.** Vasic also raises a third point, that her claim is not barred by sovereign immunity. However, the trial court did not rule that her claim was barred by sovereign immunity. A point relied on must be based on trial court error, not abstract issues of law. *Draper v. Aronowitz*, 695 S.W.2d 923, 923–24 (Mo.App.1985). Accordingly, Point III does not present an issue for our review.

We further note that in the parties' briefs under Point III there is some discussion of whether the sexual assault arose out of and was performed in connection with J.T.L.'s official duties. The trial judge did not dismiss on this basis and it is not the subject of a point relied on. Accordingly, we do not reach that issue in this appeal.

final judgment rendered by a court of competent jurisdiction against:

* * *

(2) Any officer or employee of the state of Missouri or any agency of the state, . . . upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state, or any agency of the state, . . .

* * *

4. All payments shall be made from the state legal expense fund by the commissioner of administration with the approval of the attorney general. . . .

**105.716. Attorney general to handle claims, exceptions—certain departments to reimburse fund—prior to settlement, payment of certain legal expenses authorized, when.—1.** Any investigation, defense, negotiation, or compromise of any claim covered by sections 105.711 to 105.726 shall be conducted by the attorney general; . . .

2. All persons and entities protected by the state legal expense fund shall cooperate with the attorneys conducting any investigation and preparing any defense under the provisions of sections 105.711 to 105.726 by assisting such attorneys in all respects, including the making of settlements, the securing and giving of evidence, and the attending and obtaining witness to attend hearings and trials. *Funds in the state legal expense fund shall not be used to pay claims and judgments against those persons and entities who do not cooperate as required by this subsection.* [emphasis added]

**105.726. Law, how construed.—1.** Nothing in sections 105.711 to 105.726 shall be construed to broaden the liability of the state of Missouri beyond the provisions of sections 537.600 to 537.610, RSMo, nor to abolish or waive any defense at law which might otherwise be available to any agency, officer, or employee of the state of Missouri.

2. The creation of the state legal expense fund and the payment therefrom of such amounts as may be necessary for the benefit of any person covered thereby are deemed necessary and proper public purposes for which funds of this state may be expended.

These statutory provisions make clear that payments from the State Legal Expense Fund are "for the benefit of any person covered thereby." § 105.726.2. Persons covered include state officers and employees against whom a claim has been made or final judgment entered upon conduct arising out of and performed in connection with the employee's official duties on behalf of the state. § 105.711.2(2).

Under the statutory scheme the attorney general is directed to investigate, defend, negotiate, and compromise any claims against state officers and employees covered by the statute. § 105.716.1. In case of a conflict, the attorney general is authorized to expend monies from the fund to retain other counsel. § 105.716.4. Persons protected are required to cooperate with the attorneys conducting an investigation and preparing a defense, by assisting the attorneys in all respects, including the making of settlements. § 105.716.2. Failure to so cooperate prohibits the payment of a judgment from the State Legal Expense Fund. *Id.* The attorney general must approve of all payments from the fund. § 105.711.4.

The statute conditions payment from the fund on the employee's cooperation with the attorney general. § 105.716.2. Essential to any such cooperation is that the defense of a claim be tendered to the attorney general so the attorney general can control the defense and settlement of covered claims as the statute requires. *See* § 105.716.2.

Vasic was required to plead facts showing all elements necessary for payment under the statute had been met. There was no allegation that the attorney general conducted an investigation, defense, negotiation, or compromise in the settlement of Vasic's claim or approved payment of Vasic's judgment against J.T.L. There was no allegation that J.T.L. cooperated with the attorney general in the investigation, defense, or settlement of Vasic's claim. To the contrary, Vasic admit-

ted in her amended petition that the state "did not appear or participate in the action of Plaintiff against Dr. [J.T.L.]." The record reflects that J.T.L. was represented by private counsel. The consent judgment, attached to the amended petition, shows that the attorney general did not participate in or sign the consent judgment.

Plaintiff alleged that she notified the attorney general of her claim in 1988 and 1991. However, fund liability is not premised on the judgment creditor's notice but on the cooperation of the state employee. J.T.L.'s failure to cooperate by tendering the defense of Vasic's action to the attorney general and involving the attorney general in the settlement of the action prevents payment from the State Legal Expense Fund.

This case is unlike *Dixon v. Holden,* 923 S.W.2d 370 (Mo.App.1996), in which the Western District affirmed summary judgment in favor of a judgment creditor to recover moneys from the State Legal Expense Fund. In *Dixon* the state employees against whom judgment had been entered had unsuccessfully and repeatedly sought to involve the attorney general's office in their defense and settlement negotiations. *Id.* at 373. The attorney general's office, however, refused to participate in their defense or settlement of the action against them. *Id.*

The clear statutory prohibition against payment from the State Legal Expense Fund to satisfy judgments against defendants who have not cooperated with the attorney general prohibits payment of monies from the State Legal Expense Fund to satisfy the consent judgment entered into by Vasic and J.T.L.

The judgment of the trial court is affirmed.

GERALD M. SMITH and PUDLOWSKI, JJ., concur.